# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL TATER-ALEXANDER,          CASE NO. 1:10-cv-01050-AWI-SMS

               Plaintiff,

   v.                                                      SCREENING ORDER

COUNTY OF FRESNO, et al.,

               Defendants.          (Doc. 2)

_____/

## Screening Order

Plaintiff Michael Tater-Alexander challenges the constitutionality of California Vehicle Code § 4760, which requires the California Department of Motor Vehicles (DMV) to refuse to renew a vehicle's registration if the owner or lessee has been mailed a notice of a delinquent parking violation. Plaintiff, proceeding pro se and in forma pauperis, filed his complaint on June 10, 2010. He seeks damages and equitable relief. This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

///

///

-1-

**I.**     **Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.**     **Background**

**A.**     **Contesting Parking Tickets in California**

California law considers parking violations as civil offenses subject to civil penalties and administrative enforcement. California Vehicle Code §§ 40200, 40203.5(b). The statutory scheme sets forth a two-step process for contesting a parking ticket. First, within 21 days of the issuance of the ticket the person may request review by the processing agency. California Vehicle Code § 40215(a). The processing agency must then conduct an investigation, either with its own staff or by the issuing agency. California Vehicle Code §§ 40215(a)(1).) If the person is not satisfied with the results of this initial review, he or she may then request "administrative review," consisting of a hearing before an examiner. California Vehicle Code § 40215(a). The request for administrative review must be made within 21 days following the mailing of the results of the initial review.

-2-

California Vehicle Code § 40215(b). The person requesting an administrative hearing shall deposit the full amount of the parking penalty or shall follow the processing agency's procedure for providing satisfactory proof of an inability to pay the amount due.  California Vehicle Code § 40215(b).  After exhausting this administrative review process, the contestant may obtain judicial review of the decision of the hearing examiner by filing an appeal in the superior court.  California Vehicle Code § 40230.

If the parking violator does not contest the parking ticket and does not pay the parking penalty, the processing agency may notify the Department of Motor Vehicles (DMV), and the DMV must then collect the unpaid penalties when the vehicle's registration is renewed.  California Vehicle Code § 4760; 40220(a).  In the alternative, if the violator has accumulated more than $400 in unpaid parking tickets, or if the vehicle's registration is not renewed, then proof of the unpaid parking tickets may be filed with the court with the same effect as a civil judgment.  California Vehicle Code § 40220(b) & (c).

**B.    Alleged Facts**

On April 21, 2009, Plaintiff received a parking ticket from Defendant Fresno County. Plaintiff alleges that he filed a "timely" request to dismiss the ticket, but provides no factual detail from which the Court can evaluate his legal conclusion.  Plaintiff also does not disclose the basis of his request to dismiss the ticket.  In an administrative decision dated May 26, 2009, and postmarked May 29, 2009, Fresno County denied Plaintiff's request, finding insufficient evidence to dismiss.

///

///

On June 15, 2009, Plaintiff received a notice from Fresno County advising him that the unpaid fine had doubled to $70.00 and that his vehicle registration could be withheld.  On June 16, 2009, Plaintiff requested an administrative hearing.

On July 17, 2009, the registration of Plaintiff's van expired.  Because Plaintiff had not paid the parking ticket, the California Department of Motor Vehicles refused to reregister it.  Plaintiff asked DMV for a hearing, which it denied.

Plaintiff continued to drive the van even though it was no longer registered.  On September 6, 2009, Plaintiff was stopped by officers of Defendant Clovis Police Department and cited for driving an unregistered vehicle in violation of California Vehicle Code § 4000(a)(1).  Plaintiff apparently refused to sign the citation and was arrested, handcuffed and taken to the emergency room of Defendant Community Regional Medical Center. Plaintiff alleges that hospital personnel tortured him by denying him his medicine for fourteen hours and denying his request to call his attorneys.  Plaintiff reports that he only signed the citation under protest after he sensed that he was becoming hypoglycemic.

According to Plaintiff, the citation was tried in the Clovis branch of California Superior Court.  Plaintiff complains that the court denied his request to call expert witnesses from DMV.  Plaintiff also complains that Fresno County, DMV, and the Superior Court have denied his requests for administrative hearings.  On September 1, 2009, Plaintiff filed a damages claim with Fresno County, which was denied on December 10, 2009.

**C.    Pleading Standards**

 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,

512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, plaintiff must set forth the legal and factual basis for his claim.

Emphasizing legal conclusions but providing minimal facts, Plaintiff's complaint fails to satisfy these basic pleading requirements. The complaint simply does not provide sufficient facts to permit the Court to evaluate Plaintiff's claims. If Plaintiff elects to amend his complaint, as this screening order permits him to do, his factual allegations must establish the elements from which the Court may draw legal conclusions, rather than asserting legal conclusions without factual background. For example, at paragraph 22, Plaintiff alleges that he "has timely complied with all

of the provisions of the law as it relates to the parking ticket," but he does not set forth sufficient facts for the Court to evaluate the timeliness and legal sufficiency of his claim and reach a legal conclusion.  Similarly, Plaintiff repeatedly refers to the unlawful withholding of his vehicle registrations but never alleges facts from which the Court could evaluate the lawfulness of DMV's actions.  In short, because Plaintiff primarily alleges labels and conclusions, without fully alleging the facts on which they are based, the complaint fails to state a cognizable claim.

### III.   Preliminary Matters

Before addressing Plaintiff's claims in detail, the Court will set forth matters common to all or many of Plaintiff's claims.  If Plaintiff elects to amend his complaint, he must address these common or recurring deficiencies.

### A.   Misnumbered Claims

Although the last claim is denominated "Eighteenth Cause of Action," the complaint alleges only thirteen causes of action.  No claims three, nine, ten, or thirteen appear within the complaint.  In addition, claim eighteen, "Injunctive Relief Against All Defendants," is not a cause of action but a form of relief to which Plaintiff may be entitled based on his establishing one or more cognizable claims.  Finally, numerous causes of action are implied within Plaintiff's "Factual Allegations," but are not separately set forth as claims.  If Plaintiff elects to amend the complaint, as this order permits him to do, he must separately set forth each claim and its supporting allegations, sequentially numbering each one.

### B.   "John Doe" Defendants.

Plaintiff names multiple Defendants whose names are currently unknown to Plaintiff.  The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants."

*McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).  *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970).   "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons.  *Id.*  "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Cal. 2008).

Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and orders of the Court, including diligently acting to identify any "John Doe" defendants named in his suit.  *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008)(No. 2:06-CV-0835-RLH-GWF).  When a Plaintiff is not able to name one or more Defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'")  In his

amended complaint, Plaintiff must tell us what each Doe defendant did and why Plaintiff is suing him or her, even if Plaintiff is not yet able to identify Doe by name.

### C.     Linking Defendants with Claims.

Whether a defendant is named or has been designated as a "John Doe," Plaintiff must tie that defendant's actions to the specific harms alleged to have been caused to Plaintiff.  Section 1983 provides:

> Every person who, under color of [state law] . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that the defendant knew or reasonably should have known would cause the others to inflict constitutional injury on Plaintiff.   A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between

-8-

that defendant's actions and the claimed injury to Plaintiff.   *May v. Enomoto*, 633 F.2d 164, 167 n.

3 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.

### D.   Supervisory Personnel

In his fifth, sixth, and seventh causes of action, Plaintiff identifies numerous defendants as

liable because they supervised persons who harmed Plaintiff.   Supervisory personnel are generally

not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*.

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   For defendants in supervisory positions, a

plaintiff must specifically allege a causal link between each defendant and his claimed

constitutional violation.   *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v.

Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). In addition, a local

governmental unit may not be held responsible for its employee's acts under a *respondeat superior*

theory of liability.   *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397,

403 (1997); *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 121 (1992); *City of Canton,

Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 691; *Fogel v. Collins*, 531 F.3d 824,

834 (9th Cir. 2008). To state a claim for relief under § 1983 for supervisory liability, Plaintiff must

allege facts indicating that each supervisory defendant either personally participated in the alleged

deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to

prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a

deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'"

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d at

1045.

///

### E.    Conspiracy

In his sixteenth cause of action and by implication throughout the complaint, Plaintiff

alleges that various defendants conspired to damage him.  A conspiracy claim brought under §1983

requires proof of "'an agreement or 'meeting of the minds' to violate constitutional rights,"

*Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002), *quoting United Steel Workers of Amer. v.*

*Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.), *cert. denied*, 493 U.S. 809 (1989) (*citation*

*omitted*), as well as an "actual deprivation of constitutional rights resulting from the alleged

conspiracy."  *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), *quoting Woodrum v. Woodward*

*County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989).  "To be liable, each participant in the

conspiracy need not know the exact details of the plan, but each participant must at least share the

common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441, *quoting United Steel Workers*,

865 F.2d at 1541.  To the extent that Plaintiff intends to allege conspiracy against some or all of the

defendants, the complaint must include factual allegations addressing the elements of his

conspiracy claim(s).

### F.    Prior State Litigation

Whether Plaintiff has previously litigated his challenges in state court is not clear from the

complaint.  A federal district court does not ordinarily have jurisdiction to review or alter a ruling

of a state judge.  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)

(approving federal courts' dismissals of "cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings commenced

and inviting district court review and rejection of those judgments"); *Worldwide Church of God v.*

*McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986) (forbidding the filing of suits seeking de facto review

-10-

of state court's decisions).  *See also Castello v. Alameda County Transit Parking Enforcement Center*, 2008 WL 5412842 (N.D.Cal. December 22, 2008)(No. C08-3012 BZ)(finding that collateral estoppel barred Plaintiff's challenge to the constitutionality of California Vehicle Code § 40215, which she had previously litigated in state court).  If Plaintiff has filed this complaint to secure review or reversal of a state-court decision, the proper remedy is to file a timely appeal in the California appellate court, and ultimately, if the California Supreme Court fails to resolve the matter, a petition for review by the United States Supreme Court.

V.    **Plaintiff's Federal Claims**

    A.    **First Cause of Action: EMTALA (42 U.S.C. §1395dd(a))**

    Plaintiff first claims that Defendants Community Regional Medical Center, City of Clovis, Clovis Police Department, and Does 1-10 violated the provisions of the Emergency Medical Treatment and Active Labor Act (42 U.S.C. § 1395dd) ("EMTALA").  EMTALA provides, in pertinent part:

> In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1) of this section) exists.

42 U.S.C. § 1395dd(a).

    The complaint appears to allege that, after Clovis Police arrested Plaintiff for driving an unregistered vehicle, he was taken to Community Regional Medical Center where he was

handcuffed to a gurney and denied his medications until he agreed to "sign the citation."[1]  The

complaint alleges no facts establishing why Plaintiff was brought to the emergency room, whether

he required examination or treatment of a medical condition, what appropriate screening was

required, whether that screening was within the capabilities of the medical center's treatment

capabilities, or what services were provided.  As such, the complaint fails to allege a cognizable

EMTALA claim.

**B.      Second Cause of Action: Americans With Disabilities Act**

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the

basis of disability."  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), *cert. denied*, 537

U.S. 1105 (2003).

> No individual shall be discriminated against on the basis of disability in the
> full and equal enjoyment of the goods, services, facilities, privileges, advantages, or
> accommodations of any place of public accommodation by any person who owns
> leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified

individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated

against with regard to a public entity's services, programs, or activities; and (3) such exclusion or

discrimination was by reason of [his] disability."  *Lovell*, 303 F.3d at 1052.

Plaintiff contends that defendants City of Clovis, officers of the Clovis Police Department,

and Community Regional Medical Center refused Plaintiff emergency medical treatment and

denied him medication.  The complaint provides no factual allegations from which this Court

---

[1]  The complaint does not explain what citation Plaintiff refused to sign in the course of his arrest for
driving an unlicensed vehicle.

could conclude that Plaintiff has a cognizable ADA claim since it alleges only the legal

conclusions that Plaintiff is a disabled person and that he was denied treatment and medication.

Accordingly, as presently alleged, the complaint does not set forth a cognizable ADA claim.

### C.  Fourth Cause of Action: First Amendment Claim

Plaintiff alleges that the malicious actions of Defendants Fresno County, City of Clovis,

Clovis Police Department Officers, and Does 11-40 "chill[ed], deterr[ed], prevent[ed], and

inhibited" Plaintiff's free exercise of his First Amendment rights of speech, petition, assembly, and

association under the First Amendment.  Presumably this allegation somehow relates to Plaintiff's

contention that he has been denied the right to a hearing on his parking violation.  Because the

complaint neither alleges facts setting forth the nature of the violation of Plaintiff's First

Amendment rights nor linking these defendants to those violations, the complaint fails to state a

cognizable First Amendment claim as it is presently constituted.

### VI.  Plaintiff's State Claims

Section 1983 does not provide a cause of action for violations of state law.  *See Weilburg v.

Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007)*; Galen v. County of Los Angeles*, 477 F.3d 652, 662

(9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*,

119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th

Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891,

892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).  Pursuant to 28 U.S.C. § 1367(a), however, in any

civil action in which the district court has original jurisdiction, the district court "shall have

supplemental jurisdiction over all other claims in the action within such original jurisdiction that

///

 they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

"[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer.*, 383 U.S. at 726. Accordingly, unless the amended complaint states a cognizable federal cause of action, this Court should not exercise jurisdiction over Plaintiff's state claims.

**A.      Seventh Cause of Action: Unruh Civil Rights Act (California Civil Code §§ 51 & 52)**

The Unruh Civil Rights Act provides that, among other categories, persons with disabilities "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civil Code § 51(b). A plaintiff can establish a violation of the Act by establishing a violation of the Americans With Disabilities Act. Cal. Civil Code § 51(f). If Plaintiff alleges a cognizable violation of the ADA, no additional allegations are needed for a claim pursuant to the Unruh Act. *National Federation for the Blind v. Target Corp.,* 452 F.Supp.2d 946, 957 (N.D.Cal. 2006).

///

///

-14-

**B.**     **Eighth Cause of Action: Disabled Persons Act (California Civil Code §§ 54.1 & 54.3)**

Plaintiff contends that Defendants Community Regional Medical Center, City of Clovis, Clovis Police Department officers and John Does 1-100 denied Plaintiff, a disabled person admission to or enjoyment of the Medical Center's facilities because Plaintiff was disabled. California Civil Code § 54 provides that disabled persons have the same right as the general public to full and free use of medical facilities.  Section 54.1 provides specific provisions and defines the terms used in the Disabled Persons Act.  Section 54.3 sets forth the liability of those who violate the Act.  As this Court has already observed repeatedly, the complaint provides only conclusory allegations that he is disabled and that defendants denied him access.  Conclusory allegations are not sufficient to allege a cognizable claim.  *Iqbal*, 129 S.Ct. at 1949, *citing Twombly*, 550 U.S. at 555.  Plaintiff must allege the facts and circumstances from which the Court may make its legal conclusions.

**C.**     **California Tort Claims Act**

Plaintiff alleges multiple tort claims under California law.  Any tort action against a state agency or employee must proceed pursuant to the California Tort Claims Act (Cal. Gov't Code §810 *et seq.*).  Provided that he has satisfied all requirements precedent to an action under the Act, Plaintiff's claims under Cal. Gov't Code §820.4 are cognizable by this court under its supplementary jurisdiction.  Section 820.4 generally provides discretionary immunity to public employees exercising due care in the execution or enforcement of any law, but it does not "exonerate a public employee from liability for false arrest or false imprisonment."  Whether the public employee acted with due care is a question of material fact.  *Ogborn v. City of Lancaster*,

101 Cal.App.4th 448, 462 (2002).  Accordingly, Plaintiff may pursue claims under the California

Tort Claims Act if he amends the complaint to include allegations indicating that he has satisfied

all requirements, including notice requirements, necessary to bring an action under it.

### D.    Eleventh Cause of Action: False Arrest

The right to recover for false arrest "depends solely upon a showing that [the plaintiff's]

arrest and imprisonment were in fact unlawful."  *Leggett v DiGiorgio Corp.*, 276 Cal.App.2d 306,

311 (1969).  Intent is an essential element of the tort.  *Capachi v. Glens Falls Insurance Co.*, 215

Cal.App.2d 843, 848 (1963).  A plaintiff must also present evidence to establish that he was

arrested.  *McGovren v. McColl*, 972 F.2d 1340, 1340 (9th Cir. August 25, 1992)(No. 90-15580).

Whether the officer had probable cause to arrest the plaintiff is a crucial inquiry in a false

arrest claim.  *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990); *McKenzie v. Lamb*, 738 F.2d

1005, 1007 (9th Cir. 1984).  "Probable cause for a warrantless arrest arises when the facts and

circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe

'that the suspect has committed, is committing or is about to commit an offense.'"  *Barry*, 902 F.2d

at 773, *quoting Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

Because the complaint provides no facts setting forth the circumstances of Plaintiff's

alleged false arrest, it fails to state a cognizable claim.

### E.    Twelfth Cause of Action: False Imprisonment

Plaintiff contends that Defendants Fresno County, City of Clovis, Clovis Police Department

officers, and John Does 1-100 "intentionally deprived [him] of his freedom of movement by use of

physical barriers, force, threats of force, including deadly force, menace, fraud, deceit, and

unreasonable duress."  "The elements of a tortious claim of false imprisonment are (1) the

nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal.App.4th 485, 496 (2000), *cert. denied*, 531 U.S. 1084 (2001). The defendant must have "personally participated in the tort directly or by indirect procurement." *Director General of Railroads v. Kastenbaum*, 263 U.S. 25, 27 (1923).

Plaintiff merely alleges the elements of a claim for false imprisonment without providing supporting facts or linking any defendant through his or her personal acts. "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949, *citing Twombly*, 550 U.S. at 555.

**F.      Fourteenth Cause of Action: Intentional Infliction of Emotional Distress**

"The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Catsouras v. Department of California Highway Patrol*, 181 Cal.App.4th 856, 874 (2010)(*internal quotations omitted*). To constitute outrageous conduct, the defendant's behavior must be so extreme as to exceed the bounds of that usually tolerated in a civilized community. *Id.* at 874-75. The factual allegations of the complaint are insufficient to establish a cognizable claim for intentional infliction of emotional distress.

**G.      Fifteenth Cause of Action: Bane Act (California Civil Code § 52.1)**

California law prohibits any person or persons from interfering, or attempting to interfere with, another person's constitutional rights by threats, intimidation, or coercion. Cal. Civil Code §

52.1.  Plaintiff alleges that Defendants City of Clovis, Clovis Police Department officers, and John Does 1-100 "interfered with or attempted to interfere with Plaintiff's constitutional rights by threatening or committing violent acts."   Because the complaint alleges no facts supporting a conclusion that these Defendants threatened violence of committed violence against Plaintiff, this claim is not cognizable.

### H.   Seventeenth Cause of Action: Aiding and Abetting

"For harm resulting to as third person from the tortious conduct of another, one is subject to liability if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself . . . ."  Restatement 2d Torts § 876(b).  An actor may be liable if he or she aids or abets the commission of an intentional tort knowing that the other's conduct constitutes a breach of duty and substantially encouraging or assisting the other to act.  *Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1325 (1996).  Plaintiff alleges that each of the Defendants City of Clovis, Clovis Police Department officers, and John Does 1-100 knowingly aided and abetted the others in violating Plaintiff's civil rights and committing torts against him.  Because the complaint sets forth no factual basis supporting Plaintiff's conclusory allegations, however, Plaintiff fails to allege a cognizable cause of action for aiding and abetting.

## VII.   Injunctive Relief

Using very general terms, Plaintiff seeks injunctive relief against Defendants County of Fresno, Community Regional Medical Center, City of Clovis, Clovis Police Department Offices, and John Does 1-100.  Plaintiff claims that an injunction is necessary since he has no adequate remedy at law to restrain Defendants "ongoing and continuing deprivation of the constitutional rights of United States Citizens who come in contact with" Community Regional Medical Center

-18-

and the City of Clovis.  The complaint provides no clue whatsoever of what continuing acts of these Defendants must be enjoined.

Based on this Court's review of the complaint, the sole continuing violation may be the impoundment of Plaintiff's van or DMV's continued refusal to register Plaintiff's van until the underlying parking violation is resolved.  The allegations are so unclear that a reader of the complaint cannot tell.  Accordingly, if Plaintiff elects to amend this complaint, as this screening order permits him to do, he must focus and supplement his request for injunctive relief to enable the Court, and the Defendants when they are ultimately served, to ascertain the injunction being sought.

## VIII.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights.  *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants he names to the violation of his rights.

1    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

2    *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v.*

3    *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the

4    prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original

5    complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567;

6    *accord Forsyth*, 114 F.3d at 1474.

7    

8    Based on the foregoing, it is HEREBY ORDERED that:

9    1.    Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

10   2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

11         amended complaint curing the deficiencies identified by the Court in this order; and

12   3.    If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date

13         of service of this order, this action will be dismissed with prejudice for failure to

14         state a claim.

IT IS SO ORDERED.

**Dated:    June 18, 2010                                 /s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE